**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4630**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

OSCAR SILVA MARTINEZ,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.   N. Carlton Tilley, Jr., Senior District Judge.  (1:15-cr-00083-NCT-3)

Submitted:  July 28, 2016          Decided:  August 10, 2016

Before WILKINSON, MOTZ, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jenna Turner Blue, BLUE STEPHENS & FELLERS, LLP, Raleigh, North Carolina, for Appellant. Ripley Rand, United States Attorney, Randall S. Galyon, Assistant United States Attorney, Elissa Hachmeister, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Oscar Silva Martinez appeals his conviction, pursuant to a guilty plea, for conspiracy to distribute cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(b)(1)(C), 846 (2012). On appeal, Martinez argues that the district court erred in accepting his guilty plea without finding that the plea was supported by a sufficient factual basis. We affirm.

Because Martinez did not seek to withdraw his guilty plea, "any error in the Rule 11 hearing is reviewed only for plain error." United States v. Williams, 811 F.3d 621, 622 (4th Cir. 2016). "In order to satisfy the plain error standard [a defendant] must show: (1) an error was made; (2) the error is plain; and (3) the error affects [his] substantial rights." United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009). In the context of a Rule 11 appeal, a defendant's substantial rights are affected when there is "a reasonable probability that, but for the error, he would not have entered the plea." Id. at 343 (quoting United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004)).

Prior to "entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). This rule is "intended to ensure that the court make clear exactly what a defendant admits to, and whether those admissions are factually sufficient to

2

constitute the alleged crime." <u>United States v. Mastrapa</u>, 509 F.3d 652, 659-60 (4th Cir. 2007) (internal quotation marks omitted).

The district court failed to find that a sufficient factual basis supported Martinez's guilty plea. The court withheld such a finding at the plea hearing, and failed to address the issue at Martinez's sentencing. Thus, the court erred in failing to find that Martinez's guilty plea was supported by an independent basis in fact containing each of the elements of the offenses, and that error was plain.

However, we conclude that the error did not affect Martinez's substantial rights. Although Martinez initially denied agreeing to purchase five kilograms of cocaine, the facts set forth in the presentence report (PSR), to which Martinez withdrew his objection, show that he asked a coconspirator to purchase five kilograms of cocaine from a confidential informant on his behalf. Moreover, the PSR stated that Martinez would ultimately approve any drug purchase, demonstrating that Martinez was deeply involved in, and critical to, the conspiracy. These facts establish that Martinez knew of the drug conspiracy and actively participated in that conspiracy.[*]

---

[*] To convict Martinez for conspiracy, the Government would have to prove: "(1) an agreement between two or more persons to engage in conduct that violates a federal drug law; (2) the (Continued)

Thus, the district court could have found that a factual basis existed from the facts summarized in the PSR. See United States v. Martinez, 277 F.3d 517, 531-32 (4th Cir. 2002) (holding district court may consider anything that appears on record, including facts in PSR, in finding factual basis).

Furthermore, Martinez's admissions during the guilty plea colloquy were sufficient to support his plea. Although Martinez denied making a deal with the confidential informant, he admitted that he was present at, and participated in, the meeting between a coconspirator and the confidential informant, and that he agreed to assist his coconspirator in procuring and/or distributing cocaine. These admissions were sufficient to provide a factual basis for Martinez's guilty plea. Because there was a sufficient factual basis to support Martinez's plea, his substantial rights were not affected by the error. Massenburg, 564 F.3d at 343.

Accordingly, we affirm Martinez's conviction. We dispense with oral argument because the facts and legal contentions are

_____

defendant's knowledge of the conspiracy; and (3) the defendant's knowing and voluntary participation in the conspiracy." United States v. Green, 599 F.3d 360, 367 (4th Cir. 2010).

4

adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED