**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4137**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

EUGENE WILLIAMS,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Terrence W. Boyle, District Judge.  (4:15-cr-00049-BO-1)

Submitted:  October 28, 2016          Decided:  December 2, 2016

Before NIEMEYER, MOTZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Jennifer C. Leisten, Research & Writing Attorney, Raleigh, North Carolina, for Appellant.  John Stuart Bruce, Acting United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eugene Williams pleaded guilty to possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a) (2012), and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (2012). The district court sentenced Williams to 36 months of imprisonment followed by 10 years of supervised release for the drug offense, plus the statutory mandatory minimum consecutive term of 60 months of imprisonment for the firearm offense, and he now appeals. For the reasons that follow, we affirm.

Williams first argues that the district court failed to comply with Fed. R. Crim. P. 11 by incorrectly informing him of the possible term of supervised release for the drug offense and failing to explain the nature of supervised release. "Before accepting a guilty plea, a trial court, through colloquy with the defendant, must ensure that the defendant understands the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty, and the various rights the defendant is relinquishing by pleading guilty." United States v. Williams, 811 F.3d 621, 622 (4th Cir. 2016). The court also must determine that the plea is voluntary and that a factual basis exists for the plea. Id. While we generally review the acceptance of a guilty plea for harmless error, where "a defendant fails to move in the district court to

withdraw his or her guilty plea, any error in the Rule 11 hearing is reviewed only for plain error." Id.

To demonstrate plain error, Williams must show (1) error, (2) that was plain, and (3) that affected his substantial rights. United States v. Martinez, 277 F.3d 517, 524 (4th Cir. 2002). Moreover, we will not exercise our discretion to recognize the error unless "the 'error seriously affects the fairness, integrity[,] or public reputation of the judicial proceedings.'" Id. (quoting United States v. Olano, 507 U.S. 725, 732 (1993)). We have thoroughly reviewed the record and the relevant legal authorities and conclude that Williams has failed to demonstrate plain error.

Williams also argues that the district court failed to adequately explain its imposition of a 10-year term of supervised release for the drug offense where the Guidelines suggested a 3-year term for that count. We review a sentence for abuse of discretion, determining whether the sentence is procedurally and substantively reasonable. United States v. Heath, 559 F.3d 263, 266 (4th Cir. 2009). In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or

failing to adequately explain the chosen sentence". Gall v. United States, 552 U.S. 38, 51 (2007). We then "'consider the substantive reasonableness of the sentence imposed.'" United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008) (quoting Gall, 552 U.S. at 51).

In sentencing a defendant, a district court must conduct an individualized assessment of the particular facts of every sentence, whether the court imposes a sentence above, below, or within the Guidelines range. United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). Here, as Williams did not request a sentence other than that imposed or outside of the Guidelines range, we review this issue for plain error. See United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010)("By drawing arguments from § 3553 for a sentence different than the one ultimately imposed, an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation addressing those arguments, and thus preserves its claim.").

In the sentencing context, an error affects a defendant's substantial rights if the defendant demonstrates that the sentence imposed "was longer than that to which he would otherwise be subject". United States v. Washington, 404 F.3d 834, 843 (4th Cir. 2005) (internal quotation marks omitted); see also United States v. Hughes, 401 F.3d 540, 548 (4th Cir. 2005)

4

(sentencing error affects substantial rights if sentence is longer than defendant would otherwise have received). Here, we conclude that Williams has failed to demonstrate that the court's failure to conduct an individualized assessment resulted in a term of supervised release longer than that to which he would otherwise have been subject.

Accordingly, we affirm the judgment of the district court and deny Williams' motion for leave to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED