# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 16-4830

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KWAME LAWAN VEREEN,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge.  (4:15-cr-00338-RBH-1)

Submitted:  May 25, 2017                           Decided:  May 30, 2017

Before MOTZ, THACKER, and HARRIS, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Mario A. Pacella, STROM LAW FIRM, L.L.C., Columbia, South Carolina, for Appellant.  Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kwame Lawan Vereen pled guilty, pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, to distributing cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (2012). The district court imposed the stipulated sentence of 60 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether Vereen's sentence is reasonable. Although notified of his right to do so, Vereen has not filed a pro se supplemental brief. We affirm in part and dismiss in part.

Generally, we review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). "However, not all sentences are subject to appellate review." *United States v. Williams*, 811 F.3d 621, 622-23 (4th Cir. 2016). In this case, we lack jurisdiction to review Vereen's sentence of imprisonment because the district court sentenced Vereen in accordance with the terms of his Rule 11(c)(1)(C) agreement, Vereen's sentence is not unlawful, nor was it expressly based on the Sentencing Guidelines. *See id.* at 623-25.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for review. We therefore dismiss Vereen's challenge to his sentence of imprisonment and affirm the remainder of the district court's judgment. This court requires that counsel inform Vereen, in writing, of the right to petition the Supreme Court of the United States for further review. If Vereen requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may

move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Vereen.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART;*
*DISMISSED IN PART*