**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4153**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL TODD EVANS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Timothy M. Cain, District Judge. (6:16-cr-00457-TMC-1)

Submitted: July 16, 2019                    Decided: July 18, 2019

Before MOTZ, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christopher R. Geel, GEEL LAW FIRM, LLC, Charleston, South Carolina, for Appellant. Maxwell B. Cauthen, III, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Todd Evans pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012), and the district court sentenced him to 70 months' imprisonment and 3 years' supervised release. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether Evans' guilty plea was knowing, voluntary, and supported by an adequate factual basis; whether the district court complied with Fed. R. Crim. P. 11 in accepting Evans' guilty plea; and whether Evans' sentence is procedurally and substantively reasonable. Although advised of his right to file a supplemental pro se brief, Evans has not done so. The Government declined to file a response brief. We affirm.

Counsel first questions the validity of Evans' guilty plea. Before accepting a guilty plea, the district court must conduct a colloquy in which it informs the defendant of, and determines that he understands, the nature of the charges to which he is pleading guilty, any mandatory minimum penalty, the maximum penalty he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). The court also must ensure that the defendant's plea is voluntary in that it did not result from force, threats, or promises outside the plea agreement, and is supported by an independent factual basis. Fed. R. Crim. P. 11(b)(2), (3). Because Evans did not move to withdraw his guilty plea or otherwise preserve any error in the plea proceedings, we review the adequacy of the plea colloquy for plain error. *Williams*, 811 F.3d at 622. Our review of the transcript reveals that the district court

2

complied with the requirements of Rule 11, a factual basis supported the plea, and Evans' plea was knowingly and voluntarily entered. Accordingly, Evans' guilty plea is valid.

Next, counsel questions whether Evans' sentence is reasonable. "We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) [(2012)] using an abuse-of-discretion standard, regardless of 'whether the sentence is inside, just outside, or significantly outside the Guidelines range.'" *United States v. Lymas*, 781 F.3d 106, 111 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007) (alteration omitted)). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id.* In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) sentencing factors, and sufficiently explained the selected sentence. *Id.* at 111-12. After determining that the sentence is procedurally reasonable, we consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

Our review of the sentencing transcript reveals no significant procedural or substantive errors. Evans' 70-month sentence falls at the low end of his properly

3

calculated advisory Sentencing Guidelines range of 70 to 87 months. The district court allowed the parties to present arguments, gave Evans the opportunity to allocute, considered the 18 U.S.C. § 3553(a) sentencing factors, and explained the selected sentence. We further conclude that Evans has not met his burden of rebutting the presumption that his within-Guidelines-range sentence is reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the criminal judgment. This court requires that counsel inform Evans, in writing, of the right to petition the Supreme Court of the United States for further review. If Evans requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Evans.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*