**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4405**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

DEVONTE OLENDUS WHEELER,

               Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, Chief District Judge. (4:15-cr-00337-RBH-1)

Submitted: February 18, 2020           Decided: February 20, 2020

Before MOTZ, HARRIS, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

W. James Hoffmeyer, LAW OFFICE OF W. JAMES HOFFMEYER, Florence, South Carolina, for Appellant. Everett E. McMillian, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Devonte Olendus Wheeler pleaded guilty to Hobbs Act robbery, in violation of 18 U.S.C. §§ 2, 1951(a) (2018), and was sentenced to 144 months in prison—a term both within the advisory Sentencing Guidelines range and to which Wheeler and the Government agreed would be appropriate pursuant to Fed. R. Crim. P. 11(c)(1)(C).

Wheeler appeals. His counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal, but questioning whether Wheeler's plea was plea was knowing, intelligent and voluntary, noting that Wheeler has a ninth-grade education, was on medication for a disorder he had, and had not had a competency evaluation. Because Wheeler did not move to withdraw his guilty plea or otherwise object at the plea hearing, we review the plea colloquy for plain error. *See United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016).

A defendant on medication is not competent to plead guilty if he is incapable of fully understanding the charges against him, his constitutional rights, and the consequences of his plea. *See United States v. Nicholson*, 676 F.3d 376, 382 (4th Cir. 2012). In this case, however, Wheeler stated under careful questioning from the district court that he was not impaired by his medication, which he had been taking for years to treat his condition. Because Wheeler repeatedly confirmed to the court that he understood what was happening, the district court did not err in finding him competent to plead. *See Nicholson*, 676 F.3d at 383. The record makes clear, furthermore, that Wheeler entered his plea both voluntarily and intelligently, and we therefore affirm the validity of his guilty plea. *See United States v. Moussaoui*, 591 F.3d 263, 278 (4th Cir. 2010).

2

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Wheeler's conviction and sentence. This court requires that counsel inform Wheeler, in writing, of the right to petition the Supreme Court of the United States for further review. If Wheeler requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wheeler.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*