**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4165**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EDGAR VELASQUEZ,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Terrence W. Boyle, Chief District Judge. (7:18-cr-00183-BO-2)

Submitted: September 24, 2020                    Decided: September 28, 2020

Before HARRIS and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Peter Wood, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edgar Velasquez pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and to possess with intent to distribute 50 grams or more of methamphetamine and distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1), 846. Based on a total offense level of 21 and a criminal history category of II, Velaszquez's advisory Guidelines range was 41 to 51 months' imprisonment; however, the statutory mandatory minimum sentence was 60 months. The district court imposed a 60-month sentence, followed by 4 years of supervised release. Velasquez appeals. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal, but questioning the voluntariness of Velasquez's guilty plea, the reasonableness of his sentence, and whether the record demonstrates either prosecutorial misconduct or ineffective assistance of counsel. Although advised of his right to file a supplemental pro se brief, Velasquez has not done so.

Prior to accepting a guilty plea, "a trial court, through colloquy with the defendant, must ensure that the defendant understands the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty, and the various rights the defendant is relinquishing by pleading guilty." *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). The district court must also ensure that the defendant's plea is voluntary, is supported by an independent factual basis, and does not result from force, threats, or extrinsic promises. Fed. R. Crim. P. 11(b)(2), (3). When reviewing a Rule 11 colloquy, we "accord deference to the trial court's decision as to how best to conduct the

2

mandated colloquy with the defendant." *United States v. Moussaoui*, 591 F.3d 263, 295 (4th Cir. 2010) (internal quotation marks omitted).

Because Velasquez did not move to withdraw his guilty plea in the district court or otherwise preserve any allegation of a Rule 11 error, we review the plea colloquy for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). "To prevail on a claim of plain error, [Velasquez] must demonstrate not only that the district court plainly erred, but also that this error affected his substantial rights." *Id.* at 816. In the guilty plea context, a defendant "must demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty." *Id.* (internal quotation marks omitted). "Further, we will not correct any error unless we are convinced that a refusal to do so would seriously affect the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). We have reviewed the record and conclude that Velasquez has not established plain error regarding his guilty plea. Rather, the record reveals that the district court ensured Velasquez entered the plea knowingly and voluntarily, that he understood the consequences of his plea, and that the plea was supported by an independent basis in fact.

We next assess Velasquez's sentence, which we review "under a deferential abuse-of-discretion standard," *Gall v. United States*, 552 U.S. 38, 41 (2007), evaluating both the procedural and substantive reasonableness of his sentence. In evaluating procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) sentencing factors, and

3

sufficiently explained the selected sentence. *Id.* In assessing substantive reasonableness, we consider "the totality of the circumstances." *Id.* "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

Our review of the record reveals that Velasquez's sentence is both procedurally and substantively reasonable. As to procedural reasonableness, the district court properly calculated Velasquez's total offense level, criminal history category, and advisory Guidelines range. Importantly, the mandatory minimum sentence is per se reasonable. *United States v. Farrior*, 535 F.3d 210, 224 (4th Cir. 2008), *abrogated on other grounds by Rodriguez v. United States*, 575 U.S. 348 (2015).

Finally, we briefly address the two remaining issues raised by counsel — prosecutorial misconduct and ineffective assistance of counsel. First, our review of the record reveals no evidence of prosecutorial misconduct. Second, because ineffective assistance of counsel does not conclusively appear on the face of the record, we decline to address this claim on direct appeal. *See United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010) ("Claims of ineffective assistance of counsel may be raised on direct appeal only where the record conclusively establishes ineffective assistance. Otherwise, the proper avenue for such claims is a 28 U.S.C. § 2255 motion filed with the district court." (citation omitted)).

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Velasquez, in writing, of the right to petition the Supreme Court of the United States for further review. If Velasquez requests that a petition be filed but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Velasquez. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*