**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4065**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

REGINALD HILTON BELTON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:18-cr-00113-FL1)

Submitted:  September 30, 2021                  Decided:  November 16, 2021

Before KING, QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Sophia L. Harvey, LIAO HARVEY PC, Winston-Salem, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Evan M. Rikhye, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reginald Belton pled guilty, pursuant to a written plea agreement, to one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). At the Fed. R. Crim. P. 11 hearing, the magistrate judge read the pre-*Rehaif* indictment but did not otherwise advise Belton of the mens rea element or explain the elements of a § 922(g) offense.[*] On appeal, Belton challenges the validity of his guilty plea based on the magistrate judge's alleged failure to explain the interstate nexus element and that he must have known of his felon status when he possessed the firearm in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019). We affirm.

First, Belton argues that the magistrate judge's failure to explain the interstate nexus element of a § 922(g) offense invalidates his guilty plea. Because Belton did not seek to withdraw his guilty plea before the district court, we review his claim for plain error. *See United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). To establish plain error, a defendant must satisfy three requirements: (1) there is an error; (2) the error is plain; and (3) "the error must affect substantial rights, which generally means that there must be a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Greer v. United States*, 141 S. Ct. 2090, 2096 (2021) (internal quotation marks omitted). "If those three requirements are met, [we] may grant relief if [we]

---

[*] Belton consented to a magistrate judge conducting the Rule 11 hearing. *See* 28 U.S.C. § 636(c).

conclude[] that the error had a serious effect on the fairness, integrity or public reputation of judicial proceedings." *Id.* at 2096–97 (internal quotation marks omitted).

A guilty plea is valid if the defendant voluntarily, knowingly, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted). "[A] plea does not qualify as intelligent unless a criminal defendant first receives real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (internal quotation marks omitted). "In evaluating the constitutional validity of a guilty plea, courts look to the totality of the circumstances surrounding it, granting the defendant's solemn declaration of guilt a presumption of truthfulness." *United States v. Moussaoui*, 591 F.3d 263, 278 (4th Cir. 2010) (brackets and internal quotation marks omitted).

In advising a defendant of the nature of the charges against him, a "trial court is given a wide degree of discretion in deciding the best method to inform and ensure the defendant's understanding." *United States v. DeFusco*, 949 F.2d 114, 117 (4th Cir. 1991). We have "repeatedly refused to script the Rule 11 colloquy" and "to require the district courts to recite the elements of the offense in every circumstance," because "[i]n many cases, such a procedure would be a formality and a needless repetition of the indictment, which often tracks the essential elements of the offense." *United States v. Wilson*, 81 F.3d 1300, 1307 (4th Cir. 1996). Therefore, "although the defendant must receive notice of the true nature of the charge rather than a rote recitation of the elements of the offense, the

3

defendant need not receive this information at the plea hearing itself." *DeFusco*, 949 F.2d at 117 (citation omitted). Rather, "detailed information received on occasions before the plea hearing" may be sufficient to render a guilty plea knowing, intelligent, and voluntary. *Id.* (internal quotation marks omitted).

A review of the record shows that the indictment language tracked the pre-*Rehaif* elements of a § 922(g) offense, including the interstate nexus requirement. During the Rule 11 hearing, Belton confirmed that he discussed the charge with his attorney and fully understood it. Belton also confirmed that he discussed the plea agreement with his attorney, that he read it, and that he understood its provisions. The agreement contained a detailed explanation of the pre-*Rehaif* elements of a § 922(g) charge, including the interstate nexus element. Because Belton received detailed notice of the charge against him and its elements well before the Rule 11 hearing, there was no plain error.

Belton also claims that the magistrate judge's failure to advise him of the mens rea element of the § 922(g) charge requires vacatur of his guilty plea. Shortly after Belton's indictment but before the Fed. R. Crim. P. 11 hearing, the Supreme Court decided *Rehaif v. United States*, in which the Court held that "[t]o convict a defendant [under § 922(g)], the Government . . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194. Here, the district court failed to ensure prior to the entry of the guilty plea that Belton understood that "the Government must prove both that [Belton] knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."

*Rehaif*, 139 S. Ct. at 2200. This error satisfies the first two prongs of the plain error test. *See Greer,* 141 S. Ct. at 2096-97.

Belton has not, however, met his burden of showing that the error affected his substantial rights. *See id*. at 2096-97 (applying plain error standard to unpreserved *Rehaif* mens rea claim and noting that a "defendant has the burden of establishing each of the four requirements for plain-error relief."). Belton had two felony convictions at the time he was indicted on the § 922(g) charge, and he admitted, during the Rule 11 colloquy, that he was aware of his status as a felon prior to his arrest. Moreover, even though it is not required under *Rehaif*, Belton also admitted that "he knew he was not [permitted] to be around firearms." Based on these admissions, Belton cannot credibly claim that he would not have pled guilty had the magistrate judge advised him prior to the entry of his guilty plea that the Government had to prove that he knew he was a felon when he possessed the firearm. *See id.* at 2097-98 (concluding that defendant did not meet burden when he had been convicted of multiple felonies, admitted at the plea colloquy that he was a felon, and did not argue on appeal that he would have presented evidence at trial that he did not know he was a felon when he possessed the firearm). We conclude that Belton's guilty plea remains valid after *Rehaif*.

Accordingly, we affirm Belton's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*