**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-4680

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

DAVID JAMES WILLIAMS, III, a/k/a Two,

Defendant – Appellant.

No. 14-4689

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

KRISTIN DEANTANETTA WILLIAMS, a/k/a Tina,

Defendant – Appellant.

Appeals from the United States District Court for the District of South Carolina, at Florence.   R. Bryan Harwell, District Judge.  (4:13-cr-00843-RBH-10; 4:13-cr-00843-RBH-9)

Argued:  October 29, 2015          Decided:  January 28, 2016

Before WILKINSON, SHEDD, and WYNN, Circuit Judges.

Affirmed in part; dismissed in part by published opinion. Judge Wynn wrote the opinion, in which Judge Wilkinson and Judge Shedd joined.

---

**ARGUED:** Melvin Wayne Cockrell, III, THE COCKRELL LAW FIRM, PC, Chesterfield, South Carolina; Kathy Price Elmore, ORR, ELMORE & ERVIN, LLC, Florence, South Carolina, for Appellants. Robert Frank Daley, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee. **ON BRIEF:** William N. Nettles, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

---

WYNN, Circuit Judge:

David James Williams, III and Kristin Deantanetta Williams ("Defendants") were convicted and sentenced pursuant to stipulated plea agreements under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Both Defendants appeal from their convictions, but only Defendant Kristin Williams challenges her sentence. Regarding the convictions, we find no error below, and therefore affirm. But regarding the sentence imposed on Defendant Kristin Williams, we find that we lack jurisdiction to review her sentence because a sentence imposed pursuant to the terms of a Rule 11(c)(1)(C) plea agreement may only be reviewed if it is unlawful or expressly based on the United States Sentencing Guidelines (the "Guidelines")—circumstances not present here.

I.

Defendants separately pled guilty to one count of conspiracy to possess and distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846. In their respective plea agreements, Defendants stipulated to a sentence of 120 months of imprisonment under Rule 11(c)(1)(C). The district court sentenced each defendant in accordance with those agreements.

On appeal, Defendants' appellate counsel, pursuant to Anders v. California, 386 U.S. 738 (1967), questions whether the district court complied with Rule 11 with respect to each

3

defendant. Additionally, appellate counsel for Defendant Kristin Williams questions whether her sentence was reasonable.

## II.

Before accepting a guilty plea, a trial court, through colloquy with the defendant, must ensure that the defendant understands the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty, and the various rights the defendant is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). The court also must determine that the plea is voluntary and that there is a factual basis for the plea. Id.

Generally, we review the acceptance of a guilty plea under the harmless error standard. United States v. Martinez, 277 F.3d 517, 524 (4th Cir. 2002). But when, as here, a defendant fails to move in the district court to withdraw his or her guilty plea, any error in the Rule 11 hearing is reviewed only for plain error. Id. at 525.

Having reviewed the record, and especially the Rule 11 colloquy the court conducted, we conclude that the district court fully complied with Rule 11's requirements before accepting Defendants' guilty pleas. Accordingly, we reject this challenge.

4

III.

Counsel for Defendant Kristin Williams also questions whether her sentence was reasonable.  However, not all sentences are subject to appellate review.  We may review a defendant's sentence only if (1) it "was imposed in violation of law," (2) it "was imposed as a result of an incorrect application of the sentencing guidelines," (3) it "is greater than the sentence specified in the applicable guideline range," or (4) it "was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable."  18 U.S.C. § 3742(a).  However, a defendant who is sentenced pursuant to a stipulated plea agreement "may not file a notice of appeal under paragraph (3) or (4) of subsection (a) unless the sentence imposed is greater than the sentence set forth in such agreement."  Id. § 3742(c).[1]

In this case, the sentence imposed was not "greater than the sentence set forth in [the plea] agreement," since the sentence—120 months—was exactly what Williams stipulated to.  Therefore, paragraphs (3) and (4) of subsection 3742(a) are inapplicable here.  Nor can paragraph (1) of subsection 3742(a) provide the basis for the appeal, since the sentence was not

---

[1] The provision applies to "a plea agreement that includes a specific sentence under rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure."  18 U.S.C. § 3742(c).  Rule 11(e)(1)(C) was renumbered as Rule 11(c)(1)(C) in 1999.  See United States v. Dews, 551 F.3d 204, 205 n.1 (4th Cir. 2008).

5

"imposed in violation of law:" indeed, the imposed sentence was the mandatory minimum sentence for the relevant crime.  See 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846.  Consequently, the only option for reviewing Williams's sentence is if it "was imposed as a result of an incorrect application of the sentencing guidelines."  18 U.S.C. § 3742(a)(2).

In numerous unpublished opinions, this Court has suggested that any sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement is "not imposed as a result of an incorrect application of the Sentencing Guidelines because it [is] based on the parties' agreement—not on the district court's calculation of the Guidelines."  United States v. Boswell, 607 F. App'x 244, 246 (4th Cir. 2015); see also, e.g., United States v. Hodges, 590 F. App'x 258, 259 (4th Cir. 2015); United States v. McWhite, 581 F. App'x 190, 192 (4th Cir. 2014); United States v. Edwards, 578 F. App'x 321, 322 (4th Cir. 2014); United States v. Jennings, 540 F. App'x 155, 156 (4th Cir. 2013); United States v. Rice, 537 F. App'x 270, 271–72 (4th Cir. 2013).

Some of our sister circuits have similarly indicated that a Rule 11(c)(1)(C) sentence is based not on the Guidelines but on the plea agreement itself, and therefore generally not reviewable.  See, e.g., United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005); United States v. Littlefield, 105 F.3d 527, 528 (9th Cir. 1997).  Others, by contrast, have stated that

6

a defendant may still appeal a sentence imposed pursuant to a stipulated plea when resulting from an incorrect application of the Guidelines. See, e.g., United States v. Carrozza, 4 F.3d 70, 86 n.12 (1st Cir. 1993); United States v. Ready, 82 F.3d 551, 555 (2d Cir. 1996); United States v. Smith, 918 F.2d 664, 668-69 (6th Cir. 1990).

We believe that this issue should be considered in light of Freeman v. United States, 131 S. Ct. 2685 (2011), in which the Supreme Court held that in some circumstances a stipulated plea can be "based on" the Guidelines. Specifically, Freeman considered whether a district court had authority to grant a defendant's motion for a reduced sentence under 18 U.S.C. § 3582(c)(2) where the original sentence was imposed pursuant to a Rule 11(c)(1)(C) plea agreement. Subsection 3582(c)(2) permits a district court to reduce a defendant's sentence where that defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The issue in Freeman was whether a sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement is "based on" a Guidelines range, and therefore reviewable. The Supreme Court held that a sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement is generally based on the agreement and not the Guidelines, but that an exception exists where the "agreement

7

expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment." *Freeman*, 131 S. Ct. at 2695 (Sotomayor, J., concurring in the judgment).[2] Because the plea agreement in *Freeman* explicitly calculated the applicable Guidelines range and stated that the defendant "agree[d] to have his sentence determined pursuant to the Sentencing Guidelines," the defendant's sentence was "based on" the Guidelines and therefore reviewable. *Id.* at 2699–700.

Applying *Freeman*'s rule in *United States v. Brown*, 653 F.3d 337 (4th Cir. 2011), we concluded that the district court lacked jurisdiction to reduce the sentence at issue there, where the Rule 11(c)(1)(C) plea agreement did "not expressly use a Guidelines sentencing range to establish [the] term of imprisonment." *Id.* at 340. Unlike the plea agreement at issue in *Freeman*, the agreement considered in *Brown* never engaged in a Guidelines calculation, nor did it state that the stipulated sentencing range was based on such a calculation. *Id.*

We see no reason why the rule articulated in *Freeman* and applied in *Brown* is not also applicable to the jurisdiction-defining provisions of Section 3742. That Section specifically provides that we may review a sentence where it "was imposed as

---

[2] We have recognized that Justice Sotomayor's concurrence provides the narrowest grounds for the Court's holding and is therefore the controlling opinion. *United States v. Brown*, 653 F.3d 337, 340 & n.1 (4th Cir. 2011).

a result of an incorrect application of the sentencing guidelines." 18 U.S.C. § 3742(a)(2). Surely, where a stipulated plea is "based on" the Guidelines and reviewable in the context of subsection 3582(c)(2), it also involves an "application of" the Guidelines and is reviewable under subsection 3742(a)(2). Therefore, we clarify that a sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement may be reviewed, but only where that "agreement expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment." Freeman, 131 S. Ct. at 2695.

A rule allowing for at least the possibility that a Rule 11(c)(1)(C) sentence will be reviewable, even if that sentence falls within the mandated statutory range, is also in harmony with Section 3742 overall. As noted above, subsection 3742(c) specifically prohibits appeals of Rule 11(c)(1)(C) sentences only under paragraphs (3) and (4) of subsection 3742(a). By clear implication, then, the provision would seem to allow such appeals under paragraph (2) of that subsection, i.e., appeals "imposed as a result of an incorrect application of the sentencing guidelines." 18 U.S.C. § 3742(a)(2); see POM Wonderful LLC v. Coca-Cola Co., 134 S. Ct. 2228, 2238 (2014) (applying the principle of expressio unius est exclusio alterius to conclude that Congress's express preclusion of some legal

9

provisions indicates an intention to preserve others).  The rule we articulate today fittingly allows for at least some stipulated plea sentences to be appealed under subsection 3742(a)(2).

None of this helps Defendant Kristin Williams here, however, because her plea agreement did not expressly rely on the Guidelines to calculate the agreed-upon sentence.  The plea agreement for Defendant Kristin Williams simply states that "both parties agree that the appropriate disposition of this case . . . is a sentence of 120 months [of] actual incarceration, followed by the appropriate statutory term of supervised release."  Plea Agreement at 6–7, <u>United States v. Williams</u>, No. 4:13-cr-00843-RBH-9 (D.S.C. filed Apr. 28, 2014), ECF No. 335.[3]  Nowhere in the agreement is there a Guidelines-based calculation of an imprisonment term.  Consequently, the sentence was not "imposed as a result of an incorrect application of the sentencing guidelines," 18 U.S.C.

---

[3] There is a note in Defendant Kristin Williams's agreement providing that this stipulation is "subject to any downward departure as set forth in paragraph 8."  <u>Id.</u> at 7.  That paragraph allows for the government to move the court for a downward departure or reduction in sentence on the basis of the defendant's substantial assistance in accordance with section 5K1.1 of the Guidelines.  <u>Id.</u> at 5.  However, that paragraph also states that "[a]ny such motion by the Government is not binding upon the Court, and should the Court deny the motion, the Defendant will have no right to withdraw his plea."  <u>Id.</u>  In other words, the departure motion was not a condition of the stipulated Rule 11(c)(1)(C) agreement, and the agreement was therefore not based on a Guidelines calculation.

10

§ 3742(a)(2), and no provision under Section 3742 permits us to review the sentence's reasonableness.

IV.

We have examined the entire record in accordance with the requirements of Anders, 386 U.S. 738, and have found no meritorious issues for appeal. Accordingly, we affirm Defendants' convictions. Further, we dismiss Defendant Kristin Williams's appeal of her sentence.

AFFIRMED IN PART;
DISMISSED IN PART

11