**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4799**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JON PHILLIP DUMIRE, a/k/a JP,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Elizabeth Kay Dillon, District Judge. (7:15-cr-00098-EKD-1)

Submitted: June 20, 2017                                          Decided: July 6, 2017

Before GREGORY, Chief Judge, and MOTZ and AGEE, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Paul G. Beers, GLENN, FELDMANN, DARBY & GOODLATTE, Roanoke, Virginia, for Appellant. Jean Barrett Hudson, Assistant United States Attorney, Charlottesville, Virginia; Rick A. Mountcastle, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jon Phillip Dumire pled guilty, pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court imposed a sentence of 72 months' imprisonment, within the range agreed to by the parties in the plea agreement. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the district court correctly found that malicious wounding qualified as a crime of violence pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(A) (2016). Dumire has filed a pro se supplemental brief further contending that his sentence is substantively unreasonable. We affirm in part and dismiss in part.

Generally, we review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). "However, not all sentences are subject to appellate review." *United States v. Williams*, 811 F.3d 621, 622-23 (4th Cir. 2016). In this case, we lack jurisdiction to review Dumire's sentence of imprisonment because the district court sentenced Dumire in accordance with the terms of his Rule 11(c)(1)(C) agreement, Dumire's sentence is not unlawful, nor was the sentencing range in the agreement expressly based on the Sentencing Guidelines. *See id.* at 623-25.

In accordance with *Anders*, within the constraints set forth in *Williams*, 811 F.3d at 621, we have reviewed the entire record in this case and have found no meritorious issues for review. We therefore dismiss Dumire's challenge to his sentence of imprisonment and affirm the remainder of the district court's judgment. This court requires that counsel

2

inform Dumire, in writing, of the right to petition the Supreme Court of the United States for further review. If Dumire requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Dumire.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART;*
*DISMISSED IN PART*