**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4091**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARVIN SONGLIN,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, District Judge. (4:15-cr-00764-RBH-1)

Submitted: September 12, 2017                    Decided: September 21, 2017

Before NIEMEYER, KEENAN, and THACKER, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Jeremy A. Thompson, LAW OFFICE OF JEREMY A. THOMPSON, LLC, Columbia, South Carolina, for Appellant. Eric John Klumb, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marvin Songlin conditionally pled guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343, 1349 (2012), and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) (2012). Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agreed on a 48-month sentence of imprisonment. The district court sentenced Songlin to 48 months' imprisonment and 3 years of supervised release. Songlin now appeals. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the district court erred in denying Songlin's motion to suppress a firearm and marijuana discovered by police during a search of Songlin's residence. Songlin has filed a pro se supplemental brief presenting the same issue.

"In reviewing a district court's ruling on a motion to suppress, this [c]ourt reviews conclusions of law de novo and underlying factual findings for clear error." *United States v. Clarke*, 842 F.3d 288, 293 (4th Cir. 2016) (alterations and internal quotation marks omitted). "When reviewing factual findings for clear error, we particularly defer to a district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." *United States v. Palmer*, 820 F.3d 640, 653 (4th Cir. 2016) (alterations and internal quotation marks omitted). When the district court denies a defendant's motion to suppress, "we construe the evidence in the light most favorable to the government." *Clarke*, 842 F.3d at 293 (internal quotation marks omitted).

Although the Fourth Amendment generally requires a law enforcement officer to obtain a warrant in order to search a home, "certain categories of permissible warrantless searches have long been recognized," such as "consent searches." *Fernandez v. California*, 134 S. Ct. 1126, 1132 (2014). Consent to search is valid only if it is "(1) knowing and voluntary, and (2) given by one with authority to consent." *United States v. Buckner*, 473 F.3d 551, 554 (4th Cir. 2007) (citations and internal quotation marks omitted). "[W]hether a consent to a search was in fact voluntary or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances." *Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973) (internal quotation marks omitted). Whether a defendant voluntarily consented to a search is reviewed for clear error, and "a reviewing court may not reverse the decision of the district court that consent was given voluntarily unless it can be said that the view of the evidence taken by the district court is implausible in light of the entire record." *United States v. Lattimore*, 87 F.3d 647, 650-51 (4th Cir. 1996) (en banc).

Here, the district court denied Songlin's suppression motion after weighing the credibility of the witnesses at the suppression hearing and finding that Songlin voluntarily consented to a search of his residence. Our review of the record leads us to conclude that the district court did not clearly err in its findings that Songlin consented to a search of the residence and that Songlin's consent was voluntary. Accordingly, we discern no reversible error in the district court's denial of Songlin's suppression motion.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We observe that we lack jurisdiction to

3

review Songlin's sentence of imprisonment because the district court sentenced Songlin in accordance with the terms of his Rule 11(c)(1)(C) agreement, Songlin's sentence is not unlawful, and the sentencing range in the agreement was not expressly based on the Sentencing Guidelines. *See United States v. Williams*, 811 F.3d 621, 623-26 (4th Cir. 2016). We therefore dismiss this appeal as to Songlin's sentence of imprisonment and affirm the remainder of the district court's judgment. This court requires that counsel inform Songlin, in writing, of the right to petition the Supreme Court of the United States for further review. If Songlin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Songlin.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART*;
*DISMISSED IN PART*

4