**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4495**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SANDRA RIGGLEMAN,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, District Judge.  (1:18-cr-00055-TSK-MJA-4)

Submitted:  April 29, 2021                                          Decided:  June 2, 2021

Before WYNN and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Charles T. Berry, Kingmont, West Virginia, for Appellant.  Zelda Elizabeth Wesley, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sandra Riggleman appeals from her conviction and 33-month sentence entered pursuant to her guilty plea to aiding and abetting the distribution of crack cocaine. On appeal, counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), finding no meritorious grounds for appeal but questioning whether Riggleman's plea was voluntary, whether her sentence was improperly harsher than her codefendant's, and whether Riggleman received ineffective assistance of counsel. Riggleman was notified of her right to file a pro se supplemental brief, but she did not do so. The Government declined to file a responsive brief. After an examination of the record in accordance with *Anders,* we affirm.

Riggleman first argues that her guilty plea is not valid. Riggleman did not move in the district court to withdraw her guilty plea. Accordingly, the acceptance of her guilty plea is reviewed for plain error only. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). To establish plain error, Riggleman must establish that "(1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). In the guilty plea context, a defendant meets her burden to establish that a plain error affected her substantial rights by showing a reasonable probability that she would not have pled guilty but for the district court's Rule 11 omissions. *United States v. Sanya*, 774 F.3d 812, 815-16 (4th Cir. 2014).

Prior to accepting a guilty plea, the district court, through a colloquy with the defendant, must inform the defendant of, and determine that the defendant understands, the charge to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty she faces upon conviction, and the various rights she is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). The district court also must ensure that the defendant's plea was voluntary, was supported by a sufficient factual basis, and did not result from force or threats, or promises not contained in the plea agreement. Fed. R. Crim. P. 11(b)(2), (3). In reviewing the adequacy of compliance with Rule 11, this court "accord[s] deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." *United States v. Moussaoui*, 591 F.3d 263, 295 (4th Cir. 2010) (internal quotation marks omitted). Riggleman does not provide any specific reason why her plea was invalid, and we have reviewed the Rule 11 colloquy and discern no plain error with regard to Riggleman's conviction.

Next, Riggleman contends that the sentencing disparity between her sentence and her codefendant's sentence rendered her sentence unreasonable. Such disparities are generally not considered valid grounds for departure absent proof of prosecutorial misconduct. *United States v. Quinn*, 359 F.3d 666, 682 (4th Cir. 2004). However, in an exercise of its discretion, the district court gave an individualized assessment of the conduct of both codefendants. The district court entertained Riggleman's argument concerning the possible disparity between codefendants and specifically rejected the argument on the merits, noting that the codefendants had contrasting behaviors on bond. We find that the district court demonstrated reasoned decision-making sufficient to support the district

court's sentence, and we find no abuse of discretion. *See United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (standard of review).

Finally, Riggleman asserts that her attorney was ineffective for failing to obtain a more favorable plea agreement that would provide for a non-incarceration sentence. However, we do not consider ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). To succeed on an ineffective assistance of counsel claim, a "defendant must show that counsel's performance was [constitutionally] deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Lee v. United States*, 137 S. Ct. 1958, 1965 (2017) (discussing prejudice in context of guilty plea).

Here, there is nothing in the record to support the contention that the Government would have agreed to a more beneficial plea agreement. Moreover, Riggleman confirmed at her plea hearing that she had discussed her case and plea agreement with her attorney and that she was satisfied with her attorney's representation. Because the present record does not conclusively show that counsel was ineffective, Riggleman's ineffective assistance of counsel claim is not cognizable on direct appeal.

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious grounds for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Riggleman, in writing, of the right to petition the Supreme Court of the United States for further review. If Riggleman requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may

move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Riggleman. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*