**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4914

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DANIEL DEWAYNE WOOD,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:18-cr-00303-WO-16)

Submitted:  February 7, 2022                    Decided:  February 17, 2022

Before AGEE and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Craig M. Cooley, COOLEY LAW OFFICE, Cary, North Carolina, for Appellant.  Terry Michael Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Dewayne Wood pled guilty, pursuant to a written plea agreement, to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and the district court sentenced him to 100 months' imprisonment and 3 years' supervised release. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal. Wood filed a supplemental pro se brief, claiming that the district court erred when it (1) enhanced Wood's Sentencing Guidelines offense level for possession of a firearm, pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2018), and (2) found for the purposes of sentencing that Wood was trafficking firearms. The Government declined to file a response brief. We affirm.

We turn first to the validity of Wood's guilty plea. Prior to accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the nature of the charges to which he is pleading guilty, any applicable mandatory minimum sentence, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). The court also must ensure that the defendant's plea is voluntary, supported by a sufficient factual basis, and not the result of force, threats, or extrinsic promises. Fed. R. Crim. P. 11(b)(2), (3).

Because Wood did not move to withdraw his guilty plea or otherwise preserve any allegation of Rule 11 error in the district court, we review the plea colloquy for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). "Under the plain error standard,

2

this Court will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). In the guilty plea context, a defendant establishes that an error affected his substantial rights if he demonstrates a reasonable probability that he would not have pled guilty but for the error. *Sanya*, 774 F.3d at 817. Here, the record reveals that, to the extent there were Rule 11 errors, they did not affect Wood's substantial rights. We therefore conclude that Wood's guilty plea is valid.

We turn next to Wood's sentence. "We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether the sentence is inside, just outside, or significantly outside the Guidelines range.'" *United States v. Lymas*, 781 F.3d 106, 111 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007) (alteration omitted)). The review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id.*

In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) sentencing factors, and sufficiently explained the selected sentence. *Id.* at 111-12. After determining that the sentence is procedurally reasonable, we consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295,

3

306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

As an initial matter, we reject Wood's claim that the district court erred in applying the USSG § 2D1.1(b)(1) enhancement in light of the fact that two loaded handguns were found in Wood's bedroom in close proximity to large quantities of drugs. *See* USSG § 2D1.1 cmt. n.11(A); *United States v. Manigan*, 592 F.3d 621, 630-32 (4th Cir. 2010). We also reject Wood's claim that the district court erred in finding that he trafficked firearms considering the substantial evidence of such firearms trafficking contained in the presentence report, which the court adopted without objection.

After a review of the record, including the sentencing hearing transcripts, we conclude that the district court accurately calculated Wood's advisory Sentencing Guidelines range, gave the parties the opportunity to present argument and Wood the opportunity to allocute, considered the 18 U.S.C. § 3553(a) factors, and thoroughly explained its reasons for imposing the chosen sentence. We further conclude that Wood has not met his burden of rebutting the presumption that his below-Guidelines-range sentence is substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Wood, in writing, of the right to petition the Supreme Court of the United States for further review. If Wood requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move

in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wood.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*