**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4114

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HAROLD BROOME, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:19-cr-00384-MOC-DSC-1)

Submitted:  July 28, 2022                                      Decided:  August 3, 2022

Before MOTZ and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Sandra Barrett, Hendersonville, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harold Broome, Jr., appeals the 180-month sentence imposed following his guilty plea to conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846. On appeal, Broome's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether Broome's guilty plea was valid and whether Broome's sentence is reasonable. Broome was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

Because Broome did not move in the district court to withdraw his guilty plea, we review the acceptance of his plea for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). To establish plain error, Broome must demonstrate that "(1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). In the guilty plea context, a defendant meets his burden to establish that a plain error affected his substantial rights by showing a reasonable probability that he would not have pled guilty but for the district court's Fed. R. Crim. P. 11 omissions. *United States v. Sanya*, 774 F.3d 812, 815-16 (4th Cir. 2014). We conclude that the magistrate judge substantially complied with Rule 11 and that Broome's guilty plea is valid.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020). We must first "evaluate procedural reasonableness, determining whether the district court

2

committed any procedural error, such as improperly calculating the [Sentencing] Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.* (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). If "the district court has not committed procedural error," we then "assess the substantive reasonableness of the sentence." *Id.* Substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (internal quotation marks omitted). "Any sentence that is within . . . a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (internal citation omitted).

Having reviewed the record, we discern no procedural error. Furthermore, because the Government filed an information under 21 U.S.C. § 851, Broome's custodial sentence of 180 months and supervised release term of 10 years are both the mandatory minimum required by 21 U.S.C. § 841(b)(1)(A). Broome has not rebutted the presumption of reasonableness afforded to his within-Guidelines sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Broome, in writing, of the right to petition the Supreme Court of the United States for further review. If Broome requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may

3

move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Broome. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*