**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 22-4333**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMES JAQUAN JOHNSON, JR., a/k/a Junior,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Louise W. Flanagan, District Judge.  (7:20-cr-00144-FL-1)

———————

Submitted:  February 21, 2023                Decided:  February 23, 2023

———————

Before NIEMEYER and DIAZ, Circuit Judges, and MOTZ, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:**  Peter M. Wood, LAW OFFICE OF PETER WOOD, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Jaquan Johnson, Jr., pled guilty, without a written plea agreement, to three counts of distribution of cocaine or cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court sentenced Johnson to 87 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether: (1) Johnson's guilty plea was valid; (2) the district court correctly calculated the Sentencing Guidelines; (3) trial counsel rendered ineffective assistance; and (4) the prosecutor committed misconduct. Although informed of his right to do so, Johnson has not filed a pro se supplemental brief, and the Government has elected not to file a brief. We affirm.

Because Johnson did not move in the district court to withdraw his guilty plea, we review the validity of his guilty plea for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). Prior to accepting a guilty plea, the district court, through a colloquy with the defendant, must inform the defendant of, and determine that the defendant understands, the charge to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces upon conviction, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). The district court also must ensure that the defendant's plea was voluntary, was supported by a sufficient factual basis, and did not result from force or threats, or promises not contained in the plea agreement. Fed. R. Crim. P. 11(b)(2), (3). In reviewing the adequacy of the court's compliance with Rule 11, we "accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." *United States v. Moussaoui*, 591 F.3d 263, 295

2

(4th Cir. 2010) (internal quotation marks omitted). We have reviewed the Rule 11 colloquy and, discerning no plain error, we conclude that Johnson's guilty plea is valid.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review entails consideration of both the procedural and substantive reasonableness of the sentence. *Id*. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id*. at 49-51. If there are no procedural errors, we then consider the substantive reasonableness of the sentence, evaluating "the totality of the circumstances." *Id*. at 51. "Any sentence that is within or below a properly calculated [Sentencing] Guidelines range is presumptively reasonable," and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Here, the district court correctly calculated Johnson's advisory Guidelines range,[*] heard argument from counsel, provided Johnson an opportunity to allocute, considered the § 3553(a) sentencing factors, and explained its reasons for imposing the chosen sentence.

---

[*] We have reviewed the factual findings underlying the district court's determination of the applicable drug weight pursuant to U.S. Sentencing Guidelines Manual § 2D1.1 (2021) and the application of the aggravating role enhancement pursuant to USSG § 3B1.1(c) for clear error and the legal conclusions de novo and discern no error. *United States v. Fluker*, 891 F.3d 541, 547 (4th Cir. 2018).

Because Johnson has not demonstrated that his term of imprisonment "is unreasonable when measured against the . . . § 3553(a) factors," he has failed to rebut the presumption of reasonableness accorded his within-Guidelines sentence. *Id.* We therefore conclude that Johnson's sentence is both procedurally and substantively reasonable.

To demonstrate ineffective assistance of trial counsel, Johnson "must show that counsel's performance was [constitutionally] deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). However, unless an attorney's ineffectiveness "conclusively appears on the face of the record," ineffective assistance claims are not generally addressed on direct appeal. *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 in order to permit sufficient development of the record. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). We conclude that ineffectiveness of counsel does not conclusively appear on the face of the record before us. Therefore, Johnson should raise this claim, if at all, in a § 2255 motion. *Faulls*, 821 F.3d at 508. We also find no support in the record for a claim of prosecutorial misconduct.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Johnson, in writing, of the right to petition the Supreme Court of the United States for further review. If Johnson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state

that a copy thereof was served on Johnson.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*