**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4638**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LAMARR DEVAUGHN CHARLESTON,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Thomas S. Kleeh, Chief District Judge. (1:21-cr-00027-TSK-MJA-2)

_____

Submitted: June 22, 2023                                         Decided: June 26, 2023

_____

Before HARRIS and HEYTENS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF**: Charles T. Berry, Kingmont, West Virginia, for Appellant. Brandon Scott Flower, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lamarr Devaughn Charleston pled guilty, pursuant to a written plea agreement, to distribution of heroin and fentanyl in proximity to a protected location, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 860(a).  The district court sentenced Charleston to 70 months' imprisonment.  On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether: (1) Charleston's guilty plea was valid; (2) Charleston's sentence is reasonable; and (3) trial counsel rendered ineffective assistance.  Although informed of his right to do so, Charleston has not filed a pro se supplemental brief, and the Government has elected not to file a brief.  We affirm.

Because Charleston did not move in the district court to withdraw his guilty plea, we review the validity of his guilty plea for plain error.  *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016).  Prior to accepting a guilty plea, the district court, through a colloquy with the defendant, must inform the defendant of, and determine that the defendant understands, the charge to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces upon conviction, and the various rights he is relinquishing by pleading guilty.  Fed. R. Crim. P. 11(b).  The district court also must ensure that the defendant's plea was voluntary, was supported by a sufficient factual basis, and did not result from force or threats, or promises not contained in the plea agreement.  Fed. R. Crim. P. 11(b)(2), (3).  In reviewing the adequacy of the court's compliance with Rule 11, we "accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant."  *United States v. Moussaoui*, 591 F.3d 263, 295

2

(4th Cir. 2010) (internal quotation marks omitted).  We have reviewed the Rule 11 colloquy and, discerning no plain error, we conclude that Charleston's guilty plea is valid.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007).  This review entails consideration of both the procedural and substantive reasonableness of the sentence.  *Id*. at 51.  In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence.  *Id*. at 49-51.  If there are no procedural errors, we then consider the substantive reasonableness of the sentence, evaluating "the totality of the circumstances."  *Id*. at 51.  "Any sentence that is within or below a properly calculated [Sentencing] Guidelines range is presumptively reasonable," and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors."  *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Here, the district court correctly calculated Charleston's advisory Guidelines range,[*] heard argument from counsel, provided Charleston an opportunity to allocute, considered

---

[*] We have reviewed the factual findings underlying the district court's determination of the applicable drug weight pursuant to U.S. Sentencing Guidelines Manual § 2D1.1 (2021)—including the court's relevant conduct determinations—and the application of the dangerous weapon enhancement pursuant to USSG § 2D1.1(b)(1) for clear error and the legal conclusions de novo and discern no error. *United States v. Fluker*, 891 F.3d 541, 547 (4th Cir. 2018).

the § 3553(a) sentencing factors, and explained its reasons for imposing the chosen sentence. Because Charleston has not demonstrated that his term of imprisonment "is unreasonable when measured against the . . . § 3553(a) factors," he has failed to rebut the presumption of reasonableness accorded his within-Guidelines sentence. *Id*. We therefore conclude that Charleston's sentence is both procedurally and substantively reasonable.

To demonstrate ineffective assistance of trial counsel, Charleston "must show that counsel's performance was [constitutionally] deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). However, unless an attorney's ineffectiveness "conclusively appears on the face of the record," ineffective assistance claims are not generally addressed on direct appeal. *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 in order to permit sufficient development of the record. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). We conclude that ineffectiveness of counsel does not conclusively appear on the face of the record before us. Therefore, Charleston should raise this claim, if at all, in a § 2255 motion. *Faulls*, 821 F.3d at 508.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Charleston, in writing, of the right to petition the Supreme Court of the United States for further review. If Charleston requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state

that a copy thereof was served on Charleston.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*