**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4511

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VINCENT RYAN POTTER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:21-cr-00204-MOC-DSC-1)

Submitted:  March 28, 2024                              Decided:  April 1, 2024

Before KING and RUSHING, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** John G. Baker, Megan C. Hoffman, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vincent Ryan Potter pled guilty to inducing a minor to engage in sexually explicit conduct for the purpose of producing child pornography, in violation of 18 U.S.C. § 2251(a), (e). The district court sentenced Potter to 262 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious issues for appeal but questioning whether Potter's guilty plea was knowing and voluntary and whether his sentence is procedurally reasonable. Although notified of his right to do so, Potter has not filed a pro se supplemental brief. We affirm the district court's judgment.

Before accepting a guilty plea, the district court must conduct a plea colloquy during which it must inform the defendant of, and determine that the defendant understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1). The district court also must ensure that the plea is voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and that a factual basis supports the plea, Fed. R. Crim. P. 11(b)(3).

Because Potter did not seek to withdraw his guilty plea, we review the adequacy of the Rule 11 hearing for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). "Under the plain error standard, [we] will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks

2

omitted). The record demonstrates that the magistrate judge substantially complied with Rule 11 and ensured that Potter's plea was knowing and voluntary.* We therefore affirm Potter's conviction.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51.

We discern no procedural error. The district court correctly calculated Potter's advisory Sentencing Guidelines range. The district court then credited some of Potter's arguments in mitigation, granted a downward variance, and explained why the § 3553(a) factors supported the chosen sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for review. We therefore affirm the district court's judgment. This court requires that counsel inform Potter, in writing, of the right to petition the Supreme Court of the United States for further review. If Potter requests that a petition be

---

* Potter argues for the first time on appeal that counsel did not review the charges with him and did not review the waiver of appellate rights in the plea agreement. Because counsel's ineffectiveness does not conclusively appear on the face of the record, Potter should raise this claim, if at all, in a 28 U.S.C. § 2255 motion. *See United States v. Jordan*, 952 F.3d 160, 163 n.1 (4th Cir. 2020).

3

filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Potter.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*