**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4511

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUAN CARLOS SANCHEZ, a/k/a Angel Rafael Rosa Moreno, a/k/a Juan Carlos Matta,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Jacquelyn Denise Austin, District Judge.  (6:24-cr-00373-JDA-1)

Submitted:  July 24, 2025                          Decided:  July 28, 2025

Before NIEMEYER, AGEE, and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Maxwell B. Cauthen, III, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Juan Carlos Sanchez pled guilty to unlawfully reentering the United States after having been previously removed, in violation of 8 U.S.C. § 1326(a), (b)(2). The district court imposed a within-Guidelines sentence of 100 months' imprisonment. On appeal, Sanchez's counsel has filed an *Anders* brief, stating that there are no meritorious grounds for appeal. Although advised of his right to file a pro se supplemental brief, Sanchez has not done so. The Government has declined to file a response brief. We affirm.

Because Sanchez did not move to withdraw his guilty plea, we review the adequacy of the Fed. R. Crim. P. 11 plea colloquy for plain error. *See United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016) (stating standard of review); *see also Henderson v. United States*, 568 U.S. 266, 272 (2013) (describing plain error standard). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the rights he is relinquishing by pleading guilty, the nature of the charge to which he is pleading, and the applicable maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The district court also must ensure that the plea was voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3). Here, the district court conducted a thorough and complete Rule 11 hearing. We therefore conclude that Sanchez entered his plea knowingly and voluntarily, and that a factual basis supported the plea.

2

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. Lewis*, 18 F.4th 743, 748 (4th Cir. 2021). In conducting this review, we must first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the [18 U.S.C.] § 3553(a) factors, or failing to adequately explain the chosen sentence." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020). If the sentence is free of "significant procedural error," we then review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

We have reviewed the record and conclude that Sanchez's sentence is procedurally and substantively reasonable. The district court properly calculated the Guidelines range, allowed the parties to present arguments, gave Sanchez the opportunity to allocute, addressed Sanchez's mitigation arguments, considered the appropriate § 3553(a) sentencing factors, and explained the selected sentence. Furthermore, because Sanchez has not demonstrated that his term of imprisonment "is unreasonable when measured against the . . . § 3553(a) factors," he has failed to rebut the presumption of substantive reasonableness accorded his within-Guidelines sentence. *See Louthian*, 756 F.3d at 306.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment.

3

This court requires that counsel inform Sanchez, in writing, of the right to petition the Supreme Court of the United States for further review. If Sanchez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sanchez. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*