**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 25-4250**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

BYRON CLAY SCOTT,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:24-cr-00239-TDS-1)

———————

Submitted:  December 23, 2025             Decided:  December 31, 2025

———————

Before WILKINSON and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

———————

Affirmed in part, dismissed in part by unpublished per curiam opinion.

———————

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, Kathleen A. Gleason, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Julie Carol Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Byron Clay Scott pleaded guilty, pursuant to a written plea agreement, to five counts of interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a). The district court sentenced Scott within the advisory Sentencing Guidelines range to a total of 240 months' imprisonment. On appeal, Scott's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Scott's guilty plea was knowing and voluntary. Although informed of his right to do so, Scott has not filed a pro se supplemental brief. The Government has moved to dismiss the appeal pursuant to the appeal waiver in Scott's plea agreement, in which he waived his right to appeal his conviction and sentence on any ground. We affirm in part and dismiss in part.

Scott's waiver of appellate rights does not prevent our review of the validity of the plea itself. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). We therefore deny, in part, the Government's motion to dismiss and review the adequacy of the Fed. R. Crim. P. 11 plea colloquy for plain error. *See United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016) (stating standard of review); *see also Henderson v. United States*, 568 U.S. 266, 272 (2013) (describing plain error standard). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the rights he is relinquishing by pleading guilty, the nature of the charge to which he is pleading, and the applicable maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1). The district court also must ensure that the plea was voluntary and not the result of threats, force, or promises not

2

contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3). Here, the district court conducted a thorough Rule 11 hearing, in which it substantially complied with Rule 11. We therefore conclude that Scott entered his plea knowingly and voluntarily, and that a factual basis supported the plea.

With respect to Scott's waiver of his appellate rights, "[w]e review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (citation modified). An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id*. "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *McCoy*, 895 F.3d at 362 (citation modified). Our review of the record confirms that Scott knowingly and intelligently waived his right to appeal his conviction and sentence. We therefore conclude that the waiver is valid and enforceable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore grant the Government's motion to dismiss in part and dismiss the appeal with respect to all issues within the scope of the appellate waiver and affirm the remainder of the judgment. This court requires that counsel inform Scott, in writing, of the right to petition the Supreme Court of the United States for

3

further review.  If Scott requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Scott.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

4