**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 19-4286**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

JOSHUA NEAL ROBERTS,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:18-cr-00382-WO-1)

─────────────

Submitted:  December 21, 2022               Decided:  January 4, 2023

─────────────

Before AGEE, HARRIS, and HEYTENS, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:** Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Clifton Thomas Barrett, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua Neal Roberts pled guilty, pursuant to a written plea agreement, to possessing a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and the district court sentenced him to 66 months' imprisonment and three years of supervised release. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether Roberts' sentence is reasonable. Roberts has filed a supplemental pro se brief arguing that the district court erred under *Rehaif v. United States*, 139 S. Ct. 2191 (2019). We affirm.

Because Roberts neither raised an objection during the Fed. R. Crim. P. 11 proceeding nor moved to withdraw his guilty plea in the district court, we review the plea colloquy only for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). To establish plain error, Roberts "must show that: (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights." *United States v. Lockhart*, 947 F.3d 187, 191 (4th Cir. 2020) (en banc). In the guilty plea context, a defendant can establish that an error affected his substantial rights by showing a reasonable probability that he would not have pled guilty but for the Rule 11 omission. *Sanya*, 774 F.3d at 816.

Prior to accepting a guilty plea, "a trial court, through colloquy with the defendant, must ensure that the defendant understands the nature of the charges to which the plea is offered." *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016); *see* Fed. R. Crim. P. 11(b)(1)(G). Here, the district court failed to ensure that Roberts understood that "the Government must prove both that [Roberts] knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*,

2

139 S. Ct. at 2200. However, we conclude that the district court did not reversibly err because Roberts has not shown that "there is a 'reasonable probability' that he would not have pled guilty" had the district court "correctly advised him of the mens rea element of the offense." *Greer v. United States*, 141 S. Ct. 2090, 2097 (2021). Roberts fails to advance "a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Id.* at 2100. We therefore conclude that Roberts' § 922(g) conviction remains valid.

We review Roberts' sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review entails consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. Generally, when reviewing a district court's application of the Guidelines, we review the district court's legal conclusions de novo and its factual conclusions for clear error. *United States v. Fluker*, 891 F.3d 541, 547 (4th Cir. 2018). If there are no procedural errors, we then consider the substantive reasonableness of the sentence, evaluating "the totality of the circumstances." *Gall*, 552 U.S. at 51. A sentence is presumptively substantively reasonable if it "is within or below a properly calculated Guidelines range," and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

3

We conclude that Roberts' sentence is procedurally and substantively reasonable. The district court correctly calculated the Guidelines range, and while Roberts argued for a sentence below the Guidelines range, the court rejected Roberts' mitigation arguments, concluding that a within-Guidelines sentence was appropriate given the need to protect the public, Roberts' history and characteristics, and the seriousness of the offense. We conclude that Roberts fails to overcome the presumption of reasonableness accorded to his within-Guidelines sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Roberts, in writing, of the right to petition the Supreme Court of the United States for further review. If Roberts requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Roberts.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*