**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 22-4409**

―――――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID JAMES ALLISON,

Defendant - Appellant.

―――――――――――

Appeal from the United States District Court for the District of South Carolina, at Beaufort. Bruce H. Hendricks, District Judge.  (9:21-cr-00436-BHH-1)

―――――――――――

Submitted:  January 17, 2023                    Decided:  January 19, 2023

―――――――――――

Before KING and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

―――――――――――

Affirmed in part and dismissed in part by unpublished per curiam opinion.

―――――――――――

**ON BRIEF**:  Christopher R. Geel, GEEL LAW FIRM, LLC, Charleston, South Carolina, for Appellant.  Dean Secor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David James Allison pleaded guilty, pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, to production of child pornography, in violation of 18 U.S.C. § 2251(a), (e). The district court accepted the plea agreement and sentenced Allison to 360 months' imprisonment, followed by lifetime supervised release. On appeal, Allison's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal but questioning whether Allison's guilty plea is valid and whether the sentence is reasonable. Allison did not file a pro se brief after being notified of his right to do so. The Government has not responded to the *Anders* brief or moved to enforce the appeal waiver contained in the plea agreement. We affirm in part and dismiss in part.

Because Allison did not move to withdraw his plea or otherwise object to the plea hearing in the district court, our review is for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). A guilty plea is valid if the defendant knowingly, voluntarily, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted). "In evaluating the constitutional validity of a guilty plea, courts look to the totality of the circumstances surrounding it, granting the defendant's solemn declaration of guilt a presumption of truthfulness." *United States v. Moussaoui*, 591 F.3d 263, 278 (4th Cir. 2010) (cleaned up).

Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines he understands, the rights he is

2

relinquishing by pleading guilty, the charges to which he is pleading, and the maximum and any mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1). The court also must ensure that the plea is voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and that there is a factual basis for the plea, Fed. R. Crim. P. 11(b)(3). Our review of the record leads us to conclude that Allison's guilty plea was knowing, voluntary, and supported by a sufficient factual basis, and the district court did not plainly err by accepting it.

As to Allison's sentence, we generally review criminal sentences for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *United States v. Lewis*, 18 F.4th 743, 748 (4th Cir. 2021) (internal quotation marks omitted). However, "a sentence imposed pursuant to the terms of a Rule 11(c)(1)(C) plea agreement may only be reviewed if it is unlawful or expressly based on the United States Sentencing Guidelines." *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). In this case, we lack jurisdiction to review Allison's sentence because the district court sentenced Allison in accordance with the terms of the plea agreement, the sentence is not unlawful, and the sentence is not based on the advisory Sentencing Guidelines. We therefore dismiss Allison's appeal of his sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore dismiss Allison's appeal as to the reasonableness of his sentence and affirm the remainder of the criminal judgment. This court requires that counsel inform Allison, in writing, of the right to petition the Supreme Court of the United States for further review. If Allison requests that a petition be filed,

3

but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Allison.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*