**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4573

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DUSTIN BLAIR HENRY,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:20-cr-00038-FDW-DSC-1)

Submitted:  May 23, 2023                    Decided:  May 25, 2023

Before AGEE, WYNN, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Jeffrey W. Gillette, GILLETTE LAW FIRM, PLLC, Franklin, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dustin Blair Henry pled guilty to conspiracy to possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, distribution and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a), (b)(1)(C), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), 924(a)(2) (2018).[1]  The district court sentenced Henry to 235 months' imprisonment.  On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious issues for appeal but questioning whether Henry's plea was coerced and whether the district court erred in relying on uncharged conduct in applying two Sentencing Guidelines enhancements. Although notified of his right to do so, Henry has not filed a pro se supplemental brief.  We affirm the district court's judgment.

Before accepting a guilty plea, the district court must conduct a plea colloquy during which it must inform the defendant of, and determine that the defendant understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the maximum and mandatory minimum penalties he faces.  Fed. R. Crim. P. 11(b)(1).  The court also must ensure that the plea is voluntary and not the result of threats, force, or

---

[1] Section 924(a)(2) was amended and no longer provides the penalty for § 922(g) convictions; the new penalty provision in 18 U.S.C. § 924(a)(8) sets forth a statutory maximum sentence of 15 years' imprisonment for a § 922(g) offense. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022).  The 15-year statutory maximum does not apply in this case, however, because Henry committed his offense before the June 25, 2022, amendment of the statute.

2

promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and that a factual basis supports the plea, Fed. R. Crim. P. 11(b)(3).

Because Henry did not seek to withdraw his guilty plea,[2] we review the adequacy of the Rule 11 hearing for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). "Under the plain error standard, [we] will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). The record demonstrates that Henry's dissatisfaction with his plea resulted not from coercion, but from his displeasure with his Guidelines range and counsel's refusal to take steps that were not factually or legally supported. We therefore affirm Henry's convictions.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under the *Gall* standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If a sentence is free of

---

[2] Although Henry filed a motion to withdraw his guilty plea, he withdrew his motion before the court ruled on it.

"significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51. We "apply a presumption of reasonableness to a sentence within or below a properly calculated [G]uidelines range." *United States v. Vinson*, 852 F.3d 333, 357 (4th Cir. 2017) (internal quotation marks omitted). This "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.* at 357-58 (internal quotation marks omitted).

"[A] sentencing court may consider uncharged and acquitted conduct in determining a sentence, as long as that conduct is proven by a preponderance of the evidence." *United States v. Grubbs*, 585 F.3d 793, 799 (4th Cir. 2009). The two Guidelines enhancements that counsel questions were based on conduct that Henry admitted in a statement to law enforcement, and thus the district court did not err in applying the enhancements. We discern no other procedural error in this case. We further conclude that Henry cannot overcome the presumption of reasonableness accorded to his within-Guidelines sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for review. We therefore affirm the district court's judgment. This court requires that counsel inform Henry, in writing, of the right to petition the Supreme Court of the United States for further review. If Henry requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Henry.

4

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*