**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4699**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN LEE SAUNDERS, III,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:22-cr-00186-WO-1)

Submitted:  August 29, 2023                     Decided:  August 31, 2023

Before KING, AGEE, and BENJAMIN, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:**  Todd A. Smith, SMITH GILES PLLC, Graham, North Carolina, for Appellant.  Kyle David Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Saunders, III pled guilty, pursuant to a written plea agreement, to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). The district court sentenced him to 78 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting Saunders' guilty plea, whether Saunders validly waived his right to appeal, and whether Saunders' sentence is procedurally and substantively reasonable. Although notified of his right to do so, Saunders has not filed a pro se supplemental brief. The Government has moved to dismiss the appeal pursuant to the appeal waiver in Saunders' plea agreement. We affirm in part and dismiss in part.

Prior to accepting a guilty plea, the district court, through a colloquy with the defendant, must inform the defendant of, and determine that the defendant understands, the charge to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces upon conviction, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). The district court also must ensure that the defendant's plea was voluntary, was supported by a sufficient factual basis, and did not result from force or threats, or promises not contained in the plea agreement. Fed. R. Crim. P. 11(b)(2), (3). In reviewing the adequacy of the court's compliance with Rule 11, we "accord deference to the trial court's decision as to how best to conduct the mandated

2

colloquy with the defendant." *United States v. Moussaoui*, 591 F.3d 263, 295 (4th Cir. 2010) (internal quotation marks omitted).

Because Saunders did not seek to withdraw his guilty plea, we review the adequacy of the Rule 11 hearing for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). To establish plain error, Saunders must establish that "(1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). We have reviewed the Rule 11 colloquy and discern no error, plain or otherwise. We therefore conclude that Saunders' guilty plea is valid.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id*. "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).

Our review of the record, including the plea agreement and the transcript of the Rule 11 hearing, confirms that Saunders knowingly and voluntarily waived his right to appeal

his conviction and sentence, with limited exceptions not applicable here. We therefore conclude that the waiver is valid and enforceable. The remainder of the claims raised in the *Anders* brief fall within the scope of the waiver. Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the waiver's scope.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore dismiss the appeal as to all issues within the waiver's scope and affirm the remainder of the district court's judgment. This court requires that counsel inform Saunders, in writing, of the right to petition the Supreme Court of the United States for further review. If Saunders requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Saunders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

4