**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-4108**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LESTER TAYLOR BARNHOUSE,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Thomas E. Johnston, Chief District Judge.  (2:22-cr-00085-1)

Submitted:  March 19, 2024                                   Decided:  May 16, 2024

Before THACKER and HEYTENS, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:** David O. Schles, LAW OFFICE OF DAVID SCHLES, Charleston, West Virginia, for Appellant. Julie Marie White, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lester Taylor Barnhouse appeals from his conviction and 235-month sentence imposed pursuant to his guilty plea to possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1). On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the guilty plea was knowing, intelligent, and voluntary and whether the sentence was reasonable. Barnhouse has filed a pro se supplemental brief challenging his plea agreement and the calculation and severity of his sentence. The Government elected not to file a brief but has moved to dismiss the appeal based on Barnhouse's waiver of his right to appeal in his plea agreement. Counsel and Barnhouse have responded in opposition. We affirm in part and dismiss in part.

Because Barnhouse did not move in the district court to withdraw his guilty plea, we review the plea colloquy for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). Prior to accepting a guilty plea, the district court, through a colloquy with the defendant, must inform the defendant of, and determine that he understands, the nature of the charges to which the plea is offered, the penalties he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). The court also must ensure that the defendant's plea is voluntary, is supported by a sufficient basis in fact, and did not result from force, threats, or promises not in the plea agreement. Fed. R. Crim. P. 11(b)(2), (3). Our review of the Rule 11 colloquy reveals that Barnhouse's guilty plea was knowing, voluntary, and supported by a factual basis.

2

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). An appeal waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.* "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). Here, the record confirms that Barnhouse knowingly and intelligently waived his right to appeal, and that the challenges advanced fall squarely within the scope of the appeal waiver. Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the waiver's scope, including the sentencing challenges raised by *Anders* counsel.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal falling outside the scope of Barnhouse's waiver. Therefore, although we deny the Government's motion in part, we affirm the remainder of the criminal judgment. This court requires that counsel inform Barnhouse, in writing, of the right to petition the Supreme Court of the United States for further review. As such, counsel's motion to withdraw, made in the *Anders* brief, is denied at this time. If Barnhouse requests that a petition be filed, but counsel believes that such petition would be frivolous, then counsel may move in this court for leave to withdraw from

representation. Counsel's motion must state that a copy thereof was served on Barnhouse.

Finally, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

4