**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4641**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTHONY BERNARD HOPKINS, JR., a/k/a Tony Cash,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Mary G. Lewis, District Judge.  (3:20-cr-00739-MGL-1)

Submitted:  April 26, 2024                         Decided:  July 11, 2024

Before THACKER and BENJAMIN, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** John L. Warren, III, BILL NETTLES LAW, Columbia, South Carolina, for Appellant.  Elliott Bishop Daniels, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Bernard Hopkins, Jr., pled guilty without a plea agreement to one count of armed bank robbery and aiding and abetting in violation of 18 U.S.C. §§ 2113(a), (d) and 2, and one count of brandishing a firearm during and in relation to a crime of violence and aiding and abetting in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. The district court sentenced him to 70 months' imprisonment on the robbery count—a sentence below the applicable advisory Sentencing Guidelines range—and a consecutive 84-month term on the firearm count, to be followed by five years of supervised release. On appeal, Hopkins' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the court erred in accepting Hopkins' guilty plea and whether his below-Guidelines sentence is procedurally and substantively reasonable. Hopkins has filed a pro se supplemental brief. The Government has declined to file a brief. We affirm.

Before accepting a guilty plea, the court must conduct a plea colloquy during which it must inform the defendant of, and determine that the defendant understands, the rights he is relinquishing by pleading guilty, potential immigration consequences, the charge to which he is pleading, and the maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1). The court also must ensure that the plea is voluntary and not the result of threats or force, Fed. R. Crim. P. 11(b)(2), and that a factual basis supports the plea, Fed. R. Crim. P. 11(b)(3).

Because Hopkins did not seek to withdraw his guilty plea, this court reviews the adequacy of the Rule 11 hearing for plain error. *United States v. Williams*, 811 F.3d 621,

2

622 (4th Cir. 2016). "Under the plain error standard, this [c]ourt will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). "In the Rule 11 context, this inquiry means that [Hopkins] must demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty." *United States v. Sanya*, 774 F.3d 812, 816 (4th Cir. 2014) (internal quotation marks omitted). Upon review, we find that the district court substantially complied with Rule 11 and that any error did not affect Hopkins' substantial rights.[*]

Next, we review a criminal "sentence[]—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We "must first ensure that the district court committed no significant procedural error, such as . . . improperly calculating[] the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) factors, . . . or failing to adequately explain the chosen sentence—including an explanation for any

---

[*] We have also considered Hopkins' pro se claim alleging that his guilty plea was involuntary due to an inadequate factual basis and conclude that it is without merit. Hopkins also contends that counsel was ineffective at the plea hearing for failing to object to a constructive amendment of conspiracy to the indictment and that counsel failed to object to the inadequate factual basis. Because counsel's ineffective assistance does not appear conclusively on the record, we decline to consider these claims. *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Absent this showing, ineffective assistance claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255, to permit sufficient development of the record. *Id.* at 508; *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

deviation from the Guidelines range." *Id.* at 51. If there is no significant procedural error, then we consider the sentence's substantive reasonableness under "the totality of the circumstances." *Id.* "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. White*, 810 F.3d 212, 230 (4th Cir. 2016) (internal quotation marks omitted).

Hopkins' sentence is procedurally and substantively reasonable. The district court properly calculated the applicable Guidelines range, listened to the parties' arguments and Hopkins' allocution, considered the § 3553(a) factors, and explained its reasons for imposing a below-Guidelines sentence of 70 months on the robbery count. We therefore discern no abuse of discretion in the imposition of Hopkins' sentence.

Accordingly, we affirm the district court's judgment. In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Hopkins, in writing, of the right to petition the Supreme Court of the United States for further review. If Hopkins requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hopkins. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4