**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4365

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

v.

CHAD CLAY,

> Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:22-cr-00278-RJC-SCR-1)

Submitted:  February 27, 2025                           Decided:  March 3, 2025

Before KING and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Mark P. Foster, Jr., FOSTER LAW OFFICES, PLLC, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chad Clay pled guilty, pursuant to a written plea agreement, to distribution of 40 grams or more of fentanyl, distribution of fentanyl, and distribution of 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), (b)(1)(C), (b)(1)(A) and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8).  The district court sentenced him to 151 months' imprisonment and 5 years of supervised release.  On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal.  Clay did not file a pro se supplemental brief after being notified of his right to do so.  The Government declined to file a responsive brief.  We affirm.

Prior to accepting a guilty plea, the district court, through a colloquy with the defendant, must inform the defendant of, and determine that the defendant understands, the charge to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces upon conviction, and the various rights he is relinquishing by pleading guilty.  Fed. R. Crim. P. 11(b).  The district court also must ensure that the defendant's plea was voluntary, was supported by a sufficient factual basis, and did not result from force or threats, or promises not contained in the plea agreement.  Fed. R. Crim. P. 11(b)(2), (3).  In reviewing the adequacy of the court's compliance with Rule 11, we "accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant."  *United States v. Moussaoui*, 591 F.3d 263, 295 (4th Cir. 2010) (internal quotation marks omitted).

2

Because Clay did not move in the district court to withdraw his guilty plea, we review the validity of his guilty plea for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). To establish plain error, Clay must establish that "(1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). In the guilty plea context, a defendant meets his burden to establish that a plain error affected his substantial rights by showing a reasonable probability that he would not have pled guilty but for the district court's Rule 11 omissions. *United States v. Sanya*, 774 F.3d 812, 815-16 (4th Cir. 2014). We have reviewed the Rule 11 colloquy and, discerning no plain error, we conclude that Clay's guilty plea is valid.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the [Sentencing] Guidelines range.'" *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (alteration in original) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). In performing that review, we must first determine whether the district court "committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.* If "the district court has not committed procedural error," we then assess the substantive reasonableness of the sentence. *Id.* Our substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards

3

set forth in § 3553(a)." *Id.* (internal quotation marks omitted). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the § 3553(a) factors." *Id.*

We are satisfied that Clay's sentence of imprisonment is procedurally reasonable. The district court correctly calculated the Guidelines range, adequately considered the § 3553(a) factors, provided a meaningful explanation for the sentence that it chose, and sufficiently addressed defense counsel's mitigation arguments. *See Gall*, 552 U.S. at 49-51. We also conclude that nothing in the record rebuts the presumption of substantive reasonableness afforded to Clay's 151-month sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We thus affirm the district court's judgment. This court requires that counsel inform Clay, in writing, of the right to petition the Supreme Court of the United States for further review. If Clay requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Clay.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4