**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4130

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RASHEED ABDULLAH MUHAMMAD, a/k/a James Lee Johnson,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Joseph Dawson, III, District Judge. (4:22-cr-00345-JD-1)

Submitted: December 19, 2024                    Decided: April 16, 2025

Before THACKER, QUATTLEBAUM, and BERNER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** John M. Ervin, III, ERVIN LAW OFFICE, Darlington, South Carolina, for Appellant. Matthew Howard Ellis, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina; Kathleen Michelle Stoughton, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rasheed Abdullah Muhammad pled guilty, without a written plea agreement, to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g). The district court sentenced him to a term of 41 months' imprisonment—a downward variance—and three years' supervised release. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating there are no meritorious grounds for appeal but questioning whether the court complied with Fed. R. Crim. P. 11 in accepting Muhammad's guilty plea. Although informed of his right to do so, Muhammad has not filed a pro se supplemental brief, and the Government has elected not to file a brief. We affirm.

Because Muhammad did not move in the district court to withdraw his guilty plea, we review the validity of his guilty plea for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). Prior to accepting a guilty plea, the district court, through a colloquy with the defendant, must inform the defendant of, and determine that the defendant understands, the charge to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces upon conviction, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). The district court also must ensure that the defendant's plea was voluntary, was supported by a sufficient factual basis, and did not result from force or threats, or promises not contained in any plea agreement. Fed. R. Crim. P. 11(b)(2), (3). In reviewing the adequacy of the court's compliance with Rule 11, "[w]e accord deference to the trial court's decision as to how best to conduct the

2

mandated colloquy with the defendant." *United States v. Moussaoui*, 591 F.3d 263, 295 (4th Cir. 2010) (internal quotation marks omitted).

We have reviewed the Rule 11 colloquy, and, although the district court omitted several of Rule 11's elements, those omissions did not affect Muhammad's substantial rights. *See United States v. Davila*, 569 U.S. 598, 607 (2013) (providing standard). Thus, we discern no plain error. We also conclude that Muhammad's guilty plea is valid, as there is no evidence in the present record that Muhammad was threatened or coerced into entering a guilty plea, and the factual basis adequately supports his plea.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Muhammad, in writing, of the right to petition the Supreme Court of the United States for further review. If Muhammad requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Muhammad.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3